IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig A. Caldwell, ) | |
| ) | CIVIL ACTION NO. 9:09-0158-TLW-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Dr. White and Nurse Carlene Ridgall, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at the Newberry County Detention Center, alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgement pursuant to Rule 56, Fed.R.Civ.P. on March 30, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 1, 2009, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to adequately respond, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition on May 4, 2009. Defendants' motion is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.



**Background and Evidence**

Plaintiff alleges in his verified complaint[2] that on or about December 14, 2008, he signed up to see the Defendant Ridgall because his "crotch area" hurt upon urine discharge. Nurse Ridgall conducted a test, and advised Plaintiff the following day that the Defendant Dr. White said there was "nothing wrong" with him. Plaintiff alleges, however, that he was still hurting, so he put in another sick call request on December 15, 2008, and that when he was not called back to see Nurse Ridgall he filed a grievance on December 17, 2008. Plaintiff alleges that on January 6, 2009, he was taken to the Newberry Health Department and was told that he had a serious infection in his urethra, and that he was given some pills and a tetanus shot. Plaintiff also complains that Nurse Ridgall told him he could not see a dentist unless he paid for it. Plaintiff seeks monetary damages from the Defendants, as well as to be seen by a dentist without having to submit payment first. See generally Verified Complaint.

In support of summary judgment in the case, the Defendant Michael White has submitted an affidavit wherein he attests that he is a licensed and board certified medical physician, and that as part of his medical practice he has been employed by Southern Health Partners as a staff physician for the Newberry County Detention Center since 2007. White attests that he is familiar with the Plaintiff, who has complained of difficulty urinating. White attests that Plaintiff was given a urine examination on December 14, 2008, and that he read those test results the following day and they were negative. White attests that Plaintiff again complained of a problem with his urine on

---

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



December 15, 2008, and that a "finger stick" test was performed and was read as normal. With respect to Plaintiff's dental complaints, White attests that when notified by the Plaintiff that he was having tooth pain, he was given ibuprofen for that pain. White further attests that, contrary to the allegations of the complaint, Plaintiff never requested to see a dentist. See generally White Affidavit.

White has attached to his affidavit as Exhibit A a copy of Plaintiff's records from the medical department from November 12, 2008 (when Plaintiff was booked into the Newberry County Detention Center) through January 26, 2009. These records reflect that, upon Plaintiff's admission to the Detention Center, he was on no medications and reported no medical problems. Plaintiff was examined shortly thereafter, with the only medical findings noted being that Plaintiff's teeth were in poor condition. On November 27, 2008, Plaintiff submitted an inmate sick call slip complaining of a toothache. Plaintiff was thereafter seen on November 29, 2008 and was given some ibuprofen for this complaint.

Plaintiff's medical records also contain an inmate sick call slip dated December 14, 2008, wherein Plaintiff complained that he was having a problem with his urine. A urine test was conducted, with all results being shown as "negative" or "normal". The following day, a urinary track discomfort form was completed (dated December 15, 2008) with the notation that Plaintiff "[felt] like something is wrong". Plaintiff complained of "tingling", but denied pain or burning with voiding, and a "finger stick" test was conducted. On January 7, 2009, a "Patient Outside Referral Information Form" was completed, with the reason for referral noted as being the possibility that Plaintiff had a sexually transmitted disease and/or HIV. On examination, Plaintiff was found to have non-gonococcal urethritis (NGU), an infection of the urethra. See also Plaintiff's Exhibit D (attached to Complaint). Plaintiff received some medications to take for his condition, and also had some



- 3 -

blood work done.

In a separate "progress notes" sheet dated January 7, 2009, Dr. White related Plaintiff's medical history, which included that no sick call requests had been received from the Plaintiff since his last request on December 15, 2008. The progress notes further reflect that on or about January 7, 2009 Plaintiff had written the Sheriff requesting to be seen by the health department, and that Plaintiff was being sent to the health department "ASAP". The progress notes for that date reflect that Plaintiff was transported to the health department, where he was treated and then returned to the detention center. A follow up entry for January 13, 2009 indicates that Dr. White had received a call from the health department that date, and that Plaintiff's blood work was negative for HIV and syphilis, and positive for chlamydia. A notation further indicates that Dr. White would inform Plaintiff upon his request for results. Finally, a separate "Master Problem List" form indicates that Plaintiff was sent to the health department on January 7, 2009 for STD testing per his request. The only other medical issue reflected on that form was that Plaintiff had cut his face shaving on January 26, 2009. See also Inmate Sick Call Slip dated January 26, 2009.

The Defendant Carlene Ridgall had also submitted an affidavit wherein she attests that she is the Medical Team Administrator/Nurse at the Newberry County Detention Center, serving as a contract employee of Southern Health Partners. Ridgall attests that Plaintiff was booked into the detention center on November 12, 2008 and was thereafter given a physical examination on November 29, 2008. Plaintiff had no medical complaints at time. Ridgall attests that on December 14, 2008 Plaintiff presented complaining of problems with his urine, and that she administered a urine test which was subsequently read by Dr. White as negative. Ridgall attests that, the following day, Plaintiff again complained of a problem with his urine, and that finger stick test taken at that



time was again read by Dr. White as normal.  Ridgall attests that she knows of no time when the Plaintiff specifically requested to see a dentist, although he had complained of pain and was given appropriate medication as shown in the medical records attached to Dr. White's Affidavit as Exhibit A.  Ridgall attests that when she was told that Plaintiff might have an infection, she made immediate arrangements to have him sent to the Newberry Health Department, where he was tested and found to have an Non-Gonococcal Urethritis "NGU" infection.  Plaintiff was given an antibiotic treatment for that condition and returned to the jail.  See generally Ridgall Affidavit.

Other than the exhibits attached to his complaint (which include copies of two grievances as well as publications from the South Carolina Department of Health and Environmental Control discussing NGU), Plaintiff has presented no additional evidence with respect to his claims.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.  Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none



exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

As (apparently) a pre-trial detainee during the time period set forth in the complaint, Plaintiff's claims are evaluated under the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). While the Eighth Amendment is used to evaluate conditions of confinement for those convicted of crimes, for purposes of consideration of Plaintiff's claims, the standard of whether Plaintiff received constitutionally adequate medical care is essentially the same. See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)[Holding that the 14th Amendment guarantees at least 8th Amendment protections]. Under this standard, in order to establish a claim for constitutionally inadequate medical care and to survive summary judgment, Plaintiff must present sufficient evidence to create a material issue of fact as to whether either named Defendant was deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennan, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990). Plaintiff has failed to present any evidence to show deliberate indifference to his serious medical needs.

The material filed in support of the Defendants' motion for summary judgment includes Plaintiff's medical records from the Newberry County Detention Center, which show that Plaintiff was seen and treated for his medical complaints. None of the information contained in the these medical records support Plaintiff's claims of inadequate medical care, nor do Plaintiff's own exhibits attached to his complaint provide support for such a claim. Further, a licensed physician as



well as a registered nurse who have both been involved in providing direct care to the Plaintiff attest that Plaintiff has been afforded prompt and adequate care for his medical complaints. Plaintiff has provided no evidence from a medical professional to dispute these assertions. While Plaintiff may not agree with the extent and nature of the medical care he has received, he cannot simply allege in a conclusory fashion that he has not received adequate medical care or attention, otherwise provide no supporting evidence, and expect to survive summary judgment. Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; see Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]; see also Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence, and contrary to the medical evidence on record, insufficient to defeat summary judgment on deliberate indifference claim]).

In sum, the undersigned can discern no evidence of a constitutional violation in the evidence presented to the Court, and Plaintiff cannot simply rely on his conclusory claims and allegations to avoid dismissal of this case. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate



health or safety.'"], quoting <u>Farmer</u>, 511 U.S. at 837.  Plaintiff may, of course, pursue a claim in state court if he believes the medical care he has received has been inadequate.  However, the evidence before the Court is insufficient to raise a genuine issue of fact as to whether any named Defendant was deliberately indifferent to his serious medical needs, the standard for a constitutional claim, and therefore his federal § 1983 medical claim is subject to dismissal. See <u>DeShaney v. Winnebago County Dep't of Social Servs.</u>, 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; <u>Baker v. McClellan</u>, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]; <u>Estelle</u>, 429 U.S. at 106 ["medical malpractice does not become a constitutional violation merely because the victim is a prisoner."]; <u>see also</u> <u>Brooks v. Celeste</u>, 39 F.3d 125 (6th Cir. 1994); <u>Sellers v. Henman</u>, 41 F.3d 1100 (7th Cir. 1994); <u>White v. Napoleon</u>, 897 F.2d 103, 108-109 (3d Cir. 1990); <u>Smart v. Villar</u>, 547 F.2d 112 (10th Cir. 1976) [affirming summary dismissal].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' Motion for summary judgment be **granted**, and that this case be **dismissed.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 22, 2009
Charleston, South Carolina

- 8 -



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. 2Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

